UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at Covington

| | | |
|---|---|---|
| RHONDA VASSEUR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:25-cv-00069-SCM-CJS |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| FEDERAL EXPRESS CORPORATION, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Before the Court is Defendant Federal Express Corporation's Motion for Summary Judgment, [Dkt. 30], and Plaintiff Rhonda Vasseur's responsive filing, [Dkt. 35], which the Plaintiff styled as a Motion Pursuant to Civil Rule 56(d). For the reasons that follow, the Court denies the Defendant's Motion for Summary Judgment and grants the Plaintiff's Rule 56(d) Motion.

The Court is aware of the discovery disputes in this matter and will refrain from plowing the same ground again. As relevant here, the Plaintiff's Rule 56(d) Motion explained that she was unable to properly respond to the Motion for Summary Judgment due to the Defendant's failure to produce voluminous, relevant discovery. [Dkt. 35 at 2–3]. The Plaintiff more recently filed a Supplemental Memorandum informing the Court that the Defendant's supplementary discovery productions were only completed on July 9, 2026 (months after the dispositive motion deadline elapsed), that the Defendant produced 59,785 additional documents in total (of which

approximately 53,000 were produced on July 9, 2026), and that the Plaintiff remains unable to properly respond to the Defendant's Motion for Summary Judgment as a result of the dilatory production.  [Dkt. 42 at 1].

The Court has reviewed the parties' filings.  Bearing in mind the context surrounding the parties' longstanding discovery dispute, the Court concludes that the Defendant's Motion for Summary Judgment should be denied pursuant to Federal Rule of Civil Procedure 56(d).

Federal Rule of Civil Procedure 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may" deny a motion for summary judgment.  The Plaintiff filed an Affidavit with exhibits supporting the Plaintiff's position that she cannot present those essential facts because of the Defendant's failure to properly produce responsive documents.  [Dkt. 32; Dkt. 35 at 4 (referencing the Affidavit in support)].  In particular, the exhibits to the Affidavit detail how the Defendant became aware of its inadvertent failure to produce responsive documents and the Defendant's then-ongoing attempts to supplement its production leading up to the April 30, 2026 dispositive motion deadline.[1]  [Dkt. 32-2; Dkt. 32-3; Dkt. 32-4].  The

---

[1] The Affidavit itself does not enumerate the facts that the Plaintiff hoped to uncover or why the Plaintiff had not previously discovered the information.  However, the Sixth Circuit has explained that an affidavit may not need to address those points "when a party has clearly explained its need for more discovery on a particular topic to the district court prior to or contemporaneously with the motion for summary judgment." *United States v. Rohner*, 634 F. App'x 495, 504 (6th Cir. 2015).  The Court notes for the record that it is well aware of the longstanding discovery issues in this matter and the Plaintiff's need for more discovery relating to the Defendant's investigation leading to the Plaintiff's termination.  [Dkt. 35 at 2–3].

Defendant did not complete its supplementation until this month.

Despite the Defendant's argument that the Plaintiff "cannot[ ] explain what material facts she hopes to ascertain through additional discovery that will create a genuine dispute" of material fact, [Dkt. 36 at 2], the record before the Court makes it clear that at least some of the documents the Defendant inadvertently withheld from the Plaintiff bore directly on the circumstances surrounding the Plaintiff's termination. [Dkt. 35 at 2–3]. That is, the tens of thousands of documents the Defendant recently turned over to the Plaintiff may contain evidence supporting the Plaintiff's argument that the proffered non-discriminatory reason for her termination was pretextual.

In particular, the Plaintiff reports that, among other things, the Defendant's early supplemental production revealed "never before produced documentation . . . including witness statements," and that this documentation "will require the re-opening of several depositions" because it—or related deposition testimony—may either strengthen the Plaintiff's claim of discrimination or undermine the Defendant's assertion of a legitimate, non-discriminatory rationale for terminating her. [*Id.*]. In short, there may well be a genuine dispute of material fact, but the Plaintiff was prevented from presenting such evidence in response to the Motion for Summary Judgment because of the Defendant's failure to produce it in the first place. Rule 56(d) empowers courts to deny motions for summary judgment in exactly these circumstances. *See Culwell v. City of Fort Worth,* 468 F.3d 868, 873–74 (5th Cir. 2006) (applying Rule 56(d)'s predecessor to racial discrimination in employment claim and

3

concluding that similar motion should have been granted because "[i]f the sought-after documents support [the plaintiffs' theory of racial discrimination], the documents would be sufficient to create a genuine dispute of material fact").

Despite the Defendant's assertions that its decision to terminate the Plaintiff was not motivated by discriminatory animus and that the Plaintiff's testimony independently suffices to grant it summary judgment, [Dkt. 36 at 3], this is not a case where the facts before the Court are so one-sided such that summary judgment is appropriate—not least of all because tens of thousands of relevant documents were solely in the Defendant's hands until just weeks ago.  The failure to disclose these documents was inadvertent by all accounts.  But the Defendant should not be permitted to benefit from withholding volumes of relevant information from the Plaintiff until months after the dispositive motion deadline.  *Cf. United States v. $506,069.09 Seized From First Merit Bank*, 664 F. App'x 422, 431 (6th Cir. 2016) (concluding the district court was entitled to deny summary judgment under Rule 56(d) when the movant "effectively foreclosed discovery" and when the non-movant "lacked an adequate opportunity to engage in discovery" at the time the motion for summary judgment was filed). The Motion for Summary Judgment is therefore denied pursuant to Federal Rule of Civil Procedure 56(d).

Accordingly, it is hereby **ORDERED** as follows:

1)      The Defendant's Motion for Summary Judgment, [Dkt. 30], is **DENIED**.

2)      The Plaintiff's Motion Pursuant to Civil Rule 56(d), [Dkt. 35], is **GRANTED**.

3)    For the convenience of the parties, the Court reiterates that "the moving party may—after all discovery is completed—file a motion for leave to file a dispositive motion" once again.  [Dkt. 28 at 3].  However, the Court repeats its warning that "such a motion will not necessarily be granted."  [*Id.*].  If appropriate, the Defendant may also raise the issues in its Motion for Summary Judgment following the close of the Plaintiff's proof at trial.  *See* Fed. R. Civ. P. 50.

Signed this 30th day of July, 2026.

S. Chad Meredith, District Judge
United States District Court
Eastern District of Kentucky